No. 18,770.

E. C. WOODELL et al., Copartners, etc., *Appellants*, v. W. P. GIBSON et al., *Appellees*.

#### SYLLABUS BY THE COURT.

LIFE INSURANCE—*Action for Premium—Contemporaneous Agreement—Policy Never Accepted.* A defendant who is sued upon a contract to accept and pay for a policy of life insurance, and defends on the ground that the plaintiffs had failed to keep a promise to pay a loan commission for him, being of a less amount than the insurance premium, does not thereby admit a liability for the difference, where it is not shown that he was given an opportunity to obtain the policy without the payment of the full premium.

Appeal from Pratt district court; PRESTON B. GILLETT, judge. Opinion filed April 11, 1914. Affirmed.

*J. S. Simmons,* and *Ray H. Tinder,* both of Hutchinson, for the appellants.

*Seward I. Field,* of Medicine Lodge, *William Barrett,* and *L. G. Turner,* both of Pratt, for the appellees.

The opinion of the court was delivered by

MASON, J.: E. C. Woodell and others, partners doing business under the name of the Farmers Loan and Realty Company, made an arrangement with W. P. Gibson to aid him in obtaining a loan of $26,500 on his land, in consideration of which he was to procure through them a life insurance policy of a like amount. The loan was negotiated, and the money paid to Gibson through a bank. Gibson gave the partners an order on the bank for the amount of the insurance premium ($2385), to be paid out of the proceeds of the loan, but he afterwards stopped payment on it. The partners brought action against him, but failed to recover, and now appeal.

Gibson defended on the ground that a part of his contract with the plaintiffs was that he was to pay no commission on the loan, whereas in fact he was required to pay a commission of $1855 to the company that made it. He testified that the agreement was that he was to take the insurance only in case he was relieved from the payment of any commission. Woodell and other witnesses testified in effect that the understanding was that Gibson was to pay the commission. The plaintiffs contend that Gibson's testimony was self-contradicting, and that the evidence against him was so overwhelming that a new trial should be granted on that account. We think, however, that an issue was presented for the determination of the jury, and that we are not warranted in setting aside their verdict, which has been approved by the trial court.

The plaintiffs further contend that they should at all events recover the difference between the amount of the premium and the amount of the commission, or $530. The argument is that inasmuch as Gibson concedes that he was to pay the plaintiffs the premium of $2385, provided they paid the commission on the loan, or $1855, he was indebted to them on his own showing for the

difference, which in any event he should have paid. The difficulty with this reasoning is that the evidence does not show—at least, not conclusively—that Gibson was ever given to understand that he could obtain the policy by the payment of the $530. He testified that the policy was offered to him and that he refused to accept it, but the circumstances were such as to warrant the inference that in accepting it he would bind himself to pay the full premium, as well as the commission. There was no testimony that he was ever told he could have the policy by the payment of $530, leaving open the question of his liability for the remainder of the premium. Woodell testified that the plaintiffs agreed with Gibson that they would themselves advance the premium to the insurance company, and that they had done so. Gibson denied such an agreement, and testified that he had never heard of it until the petition was filed. The policy appears to have been left with the bank for delivery to Gibson, but the evidence can not be said to establish that it was actually in force, and certainly does not prove that he knew he was protected by it.

The judgment is affirmed.